THE TRAVELERS INDEMNITY COMPANY, PLAINTIFF v. WALL, WALL & KNUDSON, LTD., DEFENDANT

No. COA10-292

(Filed 1 March 2011)

**Appeal and Error— interlocutory orders and appeals—Rule 54(b) certification—failure to exhaust administrative remedies**

An appeal from a partial summary judgment involving workers' compensation insurance rates was dismissed as not being from a final order, despite the trial court's Rule 54(b) certification. Defendant had not exhausted its administrative remedies and the issue upon which summary judgment was not granted was directly related to the other issues.

Appeal by defendant from judgment entered 18 November 2009 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 29 September 2010.

*Strauch Fitzgerald & Green, P.C., by Andrew L. Fitzgerald, for plaintiff-appellee.*

*Giordano, Gordan & Burns, P.L.L.C., by Marc R. Gordon, for defendant-appellant.*

BRYANT, Judge.

---

Notwithstanding its Rule 54(b) certification, where the trial court's ruling on partial summary judgment was not a final order as to a party or claim, and when there is no contention or showing that a substantial right would be affected absent immediate review, this interlocutory appeal must be dismissed.

Defendant Wall, Wall and Knudson, LTD., (Wall) a temporary employment agency, appeals from a trial court order granting plaintiff Travelers Indemnity Company (Travelers) partial summary judgment as to three out of five of Wall's defenses to the claim asserted in Travelers' complaint. The trial court certified the matter for immediate appeal pursuant to Rule 54(b).

On 24 September 2008, Travelers filed a complaint in Mecklenburg County Superior Court alleging that Wall failed to pay premiums totaling $811,619.00 pursuant to two insurance policies covering workers compensation claims. On 3 December 2008, Wall filed an answer alleging several defenses: (1) the experience rating modification number used to calculate Wall's premium was incorrect; (2) defendant's change in business ownership did not affect the experience modification rating; (3) Travelers improperly assessed an "ARAP" charge; (4) Travelers improperly changed the classifications codes for almost half of Wall's employees resulting in a higher premium; and (5) defenses of estoppel, waiver and laches bar any recovery sought by Travelers.

On 25 September 2009, Travelers filed a motion to dismiss and for summary judgment directed to Wall's defenses arguing that Wall had not exhausted its administrative remedies and had not alleged that the class codes, as applied to Wall's employees, were incorrect. In response, Wall alleged that, while the North Carolina Rate Bureau assigned the experience rating modification number, the rating was calculated by the National Counsel of Compensation Insurance (NCCI), which was not subject to the Administrative Procedure Act (APA). Therefore, in contesting the calculation of the experience rating modification number, there were no administrative remedies to exhaust.

Following a hearing on 4 November 2009, the trial court granted in part and denied in part Travelers' motion for summary judgment. Travelers' motion, as to Wall's defenses 1 through 3, was granted; Travelers' motion as to Wall's defense number 4—that Travelers improperly changed the classification code—was denied.[1]

---

1. The trial court did not rule on Wall's defense number 5—estoppel, waiver and laches.

[The trial court] finds that it is entering final judgment against [Wall's] defenses due to lack of jurisdiction and for lack of proper parties before the Court, and there is no just reason for delay. The Court also finds that such final judgment against such defenses affects a substantial right of [Wall].

The trial court certified the matter for immediate appeal pursuant to Rule 54(b). Wall appeals based solely on the trial court's Rule 54(b) certification.

On appeal, Wall argues that the experience rating modification number, as calculated by NCCI, an insurance trade organization which assigns experience modification ratings to various employers for workers compensation purposes, was erroneous. Further, Wall argues that the NCCI is not subject to the APA; therefore, in effect, Wall has exhausted any remedies available to contest NCCI's calculation of the experience rating modification number under the APA. On these grounds, Wall argues that the trial court erred in determining that it lacked jurisdiction to address Wall's defenses and erred in dismissing Wall's defenses. Because, notwithstanding the 54(b) certification, we determine that the trial court's Rule 54(b) certification is ineffective and that Wall has not claimed that a substantial right is affected that would be lost absent immediate review, we dismiss this appeal as interlocutory.

Pursuant to Rule 54(b),

When more than one claim for relief is presented in an action . . . the court may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or other statutes. In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes.

N.C. R. Civ. P. 54(b) (2009).

Here, the trial court dismissed three of the five defenses Wall asserted in response to Travelers's complaint. Those defenses that were dismissed clearly assert Wall's objection to the experience

rating modification number applied. The trial court's ruling seems to reflect its concern that, at least as to the North Carolina Rate Bureau, Wall has yet to exhaust its remedies pursuant to the APA. *See generally* N.C. Gen. Stat. § 58-36-1(1) (2009) (North Carolina Rate Bureau created)[2]; N.C. Gen. Stat. § 150B-1 *et seq.* (Administrative Procedure Act)[3]. Further, the trial court's ruling regarding each of the proper parties reflects a concern that NCCI, whom Wall asserts improperly calculated its experience rating modification number, should have been made a party to this action. However, Wall's fourth (4) defense —that Travelers improperly changed classification codes—appears to be directly related to defenses two thru five, as Wall alleges the changes in classification codes occurred after issuance of the policies at issue in the case.[4] Therefore, since the trial court's order did not resolve Traveler's claim against Wall, the trial court's decision was not a final order, and, as such, we cannot give deference to the Rule 54(b) certification. In addition, Wall has neither contended nor shown that the trial court's order affects a substantial right. Accordingly, this appeal is dismissed.

Though we make no assertion as to the outcome of a separate proceeding, we suggest that the trial court hold the matter in abeyance and allow Wall to seek recourse on the underlying question of whether the experience rating modification number was incorrectly determined pursuant to the review provided for under our General Statutes.

Dismissed.

Judges STEELMAN and ERVIN concur.

---

2. Under N.C. Gen. Stat. § 58-36-1(1), it is the function of the North Carolina Rate Bureau, "(1) [t]o assume the functions formerly performed by the North Carolina Fire Insurance Rating Bureau, the North Carolina Automobile Rate Administrative Office, and the Compensation Rating and Inspection Bureau of North Carolina, with regard to the promulgation of rates, . . . for workers' compensation and employers' liability insurance written in connection therewith except for insurance excluded from the Bureau's jurisdiction in G.S. 58-36-1(3)."

3. Administrative Procedure Act, Policy and Scope. "This Chapter establishes a uniform system of administrative rule making and adjudicatory procedures for agencies." N.C. Gen. Stat. § 150B-1 (2009).

4. Wall's fifth defense—estoppel, waiver and laches—remains before the trial court.